**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 20-415** |
| **HERBERT ROBINSON** | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER PHILADELPHIA COMMUNITY GROWTH, INC.'S MOTION TO INTERVENE AND ANCILLARY PETITION FOR REAL PROPERTY**

The United States of America, by and through its attorneys David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Francis A. Weber, Assistant United States Attorney for the District, and David Weisberg, Special Assistant United States Attorney, respectfully requests that this Court enter an Order denying Motion of Philadelphia Community Growth, Inc. to Intervene Pursuant to Fed. R. Civ. P. 24 for the limited purpose of filing an Ancillary Forfeiture Petition pursuant to 21 U.S.C. § 853(n) (Dkt. No. 517).

## I. Procedural History

On or about December 16, 2024, the Court entered a Judgment and Preliminary Order of Forfeiture, forfeiting defendant Herbert Robinson's interest in certain property, including real property located at 709 S. Mole Street, Philadelphia, PA 19146 (hereinafter referred to as the "Mole Street Property"). (Dkt. No. 282).

Pursuant to 21 U.S.C. § 853(n), following the entry of a Preliminary Order of Forfeiture, the United States was required to publish notice in a manner which allows for general circulation, which the government did using the website www.forfeiture.gov. Specifically, the government gave general notice through publication on www.forfeiture.gov for 30 consecutive days commencing on February 13, 2025, and ending on March 14, 2025. Further, the

government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified. The government sent direct notice to identified third parties via certified mail on December 30, 2024, January 27, 2025, and May 21, 2025. Any party other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to a Preliminary Order of Forfeiture may, within thirty days of the final publication of notice or their receipt of direct notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. 21 U.S.C. § 853(n)(2).

Petitioner Philadelphia Community Growth, Inc. ("Petitioner") did not receive direct written notice of the pending forfeiture action, as they were not an identified third party at the time that notices were sent out. Indeed, Petitioner had not filed its conservatorship petition, pursuant to Pennsylvania's Abandoned and Blighted Property Conservatorship Act, 68 P.S. §§ 1101-1111 ("Act 135") for the Mole Street Property until July 3, 2025. (Dkt. No. 517 ¶ 3). As the government understands, the proceeding concerning the conservatorship petition in the Philadelphia Court of Common Pleas remains pending and has not been adjudicated.

On August 26, 2025, the Court signed a Partial Final Order of Forfeiture for certain assets, including but not limited to the Mole Street Property. (Dkt. No. 506). By operation of the Partial Final Order of Forfeiture, title to the Mole Street Property became vested with the United States. Upon taking legal title to the Mole Street Property, the government, specifically the United States Marshals Service ("USMS"), has undertaken efforts to remediate the condition of the Mole Street Property, in an effort towards ultimately selling the property. These efforts are being done utilizing third party vendors, pursuant to existent contracts.

The Final Order of Forfeiture for the Mole Street Property was recorded with the city of Philadelphia on October 21, 2025. Consistent with the Court's August 26, 2025, Order, the City of Philadelphia currently lists the United States as the owner of the Mole Street Property. In sum, the government followed the statutory forfeiture process and, through that process, took title to Mole Street Property. The USMS is actively working to remediate and make marketable the Mole Street Property so that it can be sold. When the USMS sells forfeited property, like the Mole Street Property, the sale proceeds are used to support the "[Asset Forfeiture Program], compensate victims and support various law enforcement efforts." (*See* https://www.usmarshals.gov/what-we-do/asset-forfeiture (last visited February 6, 2026)).

On December 4, 2025, the Petitioner filed its Motion to Intervene. (Dkt. No. 517). The government was required to file its response by January 8, 2026. Upon consent of the Petitioner, the government sought and was granted a 30-day extension to file its response, with the new filing deadline of February 9, 2026. (Dkt. No. 525). Since that time, counsel for government and Petitioner have engaged in discussions in an attempt to resolve the motion without further briefing. The government now submits this response in opposition to the motion.

## II. Argument

Although the government is opposing the Petitioner's Motion in this case, the government acknowledges and appreciates the work done by the Petitioner to remediate abandoned and blighted properties in the Philadelphia area and elsewhere. (*See* https://philadelphiacommunitygrowth.org/ (last visited February 6, 2026)). However, for the reasons below, it is the government's position that the Petitioner's motion should be denied because it is procedurally improper, untimely, and meritless.

As stated above, pursuant to 21 U.S.C. § 853(n)(2) third party petitions must be filed within 30 days of either final publication of notice or receipt of actual notice (whichever is earlier). Third-party petitioners, broadly speaking, allow for claimants to assert an interest in property that the government intends to forfeit and take title to. Here, the Petitioner did not file such a notice. Rather, the Petitioner is attempting to assert an interest in the Mole Street Property by moving to intervene under Federal Rule of Civil Procedure 24. This is procedurally improper. In *United States v. Rashid*, the Third Circuit held that a third party who missed the filing deadline in an ancillary proceeding under 21 U.S.C. § 853(n) cannot use Federal Rule of Civil Procedure 24 to intervene. 373 F. App'x 234, 238 (3d Cir. 2010) (per curiam) (stating that this rule "governs intervention in civil proceedings and has no applicability to criminal forfeiture proceedings"). This is precisely what the Petitioner seeks to do here.

The petitioner in the *Rashid* case arguably had a stronger case than the Petitioner. In that case, unlike in the instant matter, the petitioner had received direct written notice of the forfeiture action, and nonetheless filed an untimely petition. As the Petitioner was not a known third-party at the time that third party notice and publication took place, the operative timeline for filing would have been within 30 days of final publication on www.forfeiture.gov. Publication for the Mole Street Property ran from February 13, 2025, through March 14, 2025. Any ancillary claim made after April 14, 2025, would have been deemed untimely. The Petitioner filed its claim on December 4, 2025. It is therefore late and should now be considered time barred. The government did not know and, moreover, could not have known, that the Petitioner would pursue a conservatorship petition under Act 135, and therefore would have had no reason to send direct notice of the forfeiture of the Mole Street Property to the Petitioner.

In addition, the Petitioner lacks standing to assert an ancillary claim under 21 U.S.C. § 853(n). A third-party claimant in an ancillary proceeding must establish both Article III standing and statutory standing 21 U.S.C. § 853(n)(2), as well as prevail on the merits under 21 U.S.C. § 853(n)(6)(A) & (B). In order to establish standing, a petitioner must have a present legal interest in the forfeited property. Even at the time of the of the Court's Final Order of Forfeiture on August 26, 2025, Petitioner had merely filed a conservatorship petition with the Philadelphia Court of Common Pleas. To date, this conservatorship petition has not been adjudicated and remains pending. Even if the Petitioner had filed a timely ancillary claim as to the Mole Street Property, the claim would have ultimately been dismissed for lack of standing, as Petitioner at most would have been considered to have an inchoate or contingent interest in the property. *See United States v. Church & Dwight Co.*, 510 F. App'x 55, 57–58 (2d Cir. 2013) (claimant with a contingent interest based on the settlement of a private lawsuit lacked standing because the contingency—government's acquiescence— was not satisfied); *United States v. Ying Sun*, No. 21-cr-343, 2025 WL 1591868, at *3 (S.D.N.Y. June 5, 2025) (petitioners with unrecorded judgment against Juarez cartel, which is not party to action, lack Article III standing "because they possess no present legal interest in the forfeited assets and have not otherwise alleged a cognizable injury"); *United States v. Bonaventura*, 24-cr-59, 2025 WL 3172713, at *2–4 (S.D. Fla. Oct. 29, 2025), *report and recommendation adopted*, 2025 WL 3172317 (S.D. Fla. Nov. 13, 2025) (dismissing petition for lack of statutory standing; while a possessory interest may be sufficient to establish Article III standing, petitioner must have a present legal interest in forfeited property to have statutory standing; an equitable interest is not sufficient).

Accordingly, for the reasons stated above, the government respectfully requests that this Court deny the Petitioner's Motion to Intervene (Dkt. No. 517.).

Respectfully submitted.

DAVID METCALF
United States Attorney

*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

*/s/ David Weisberg*
DAVID WEISBERG
Special Assistant United States Attorney

Date: February 9, 2026

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response in Opposition to Motion of Philadelphia Community Growth, Inc. to Intervene Pursuant to Fed. R. Civ. P. 24 have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the Philadelphia Community Growth, Inc. as follows:

Toner Law Group, LLC
Paul J. Toner, Esquire
Counsel for the Petitioner

*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

Date: February 9, 2026