IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | |
| **HERBERT ROBINSON** | **NO. 20-415-01** |

**O R D E R**

**AND NOW**, this 12th day of February, 2026, upon consideration of the Motion of Philadelphia Community Growth, Inc. to Intervene Pursuant to Fed. R. Civ. P. 24 (ECF No. 517 (the "Motion to Intervene")) and the Government's response thereto (ECF No. 533), **IT IS ORDERED** that the Motion to Intervene is **DENIED**.[1]

[1] Philadelphia Community Growth, Inc. ("PCG" or "Petitioner") seeks to intervene in the criminal forfeiture of the property of Defendant Herbert Robinson pursuant to Federal Rule of Civil Procedure 24(a)(2) and 21 U.S.C. § 853(n). (ECF No. 517 at 2.) The Government opposes PCG's Motion to Intervene because it argues (1) that PCG lacks Article III and statutory standing to bring the Motion and (2) that the Motion to Intervene is untimely. (ECF No. 4–5.) For the reasons that follow, this Court finds that the Motion to Intervene is untimely and must be dismissed.

Under 21 U.S.C. § 853(n)(2), third parties asserting a legal interest in property ordered criminally forfeited to the United States have thirty days within either final publication of notice or receipt of actual notice to file their petitions. On December 12, 2024, the Court entered an Order of Forfeiture forfeiting Robinson's interest in certain property, including 709 S. Mole Street, Philadelphia, PA 19146 (the "Property"), which is the property at issue here. (ECF No. 494 at 5.) Pursuant to the December 12, 2024 Order, on February 13, 2025 the United States published a general notice on www.forfeiture.gov for thirty days, ending March 14, 2025, of its intent to dispose of the Property in such manner as the Attorney General may direct and that any person claiming a legal interest in the Property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. (ECF No. 533 at 1.) The Government also sent direct notice to identified third parties who were known to have alleged an interest in the Property. (*Id.* at 2.) PCG was not one of those identified third parties. (*Id.*)

PCG did not assert an interest in the Property in response to the general notice within thirty days of its publication, which would be by April 14, 2025. (*Id.*) Because PCG failed to file its petition within the prescribed time period, its petition was untimely. Moreover, the Court ordered that the United States receive clear title to the Property on August 26, 2025. (ECF No. 506 at 4); 21 U.S.C. § 853(n)(7); *see United States v. Rashid*, 373 F. App'x 234, 238–39 (3d Cir. 2010). Petitioner's Motion therefore came more than three months after the Property had already been forfeited to the United States. (*See* ECF No. 517.) Petitioner's attempt to avoid 21 U.S.C. §

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

---

**HODGE, KELLEY B., J.**

---

853(n)(2)'s time bar by using Federal Rule of Civil Procedure 24 is improper. 21 U.S.C. § 853(n) provides the "exclusive means for asserting a legal interest in property which has been ordered forfeited to the United States in a criminal case." *Id.* at 238. Because the Motion to Intervene is untimely and the United States took clear title to the Property on August 26, 2025, the Motion to Intervene is denied.